1  E. MARTIN ESTRADA
   United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
4  Assistant United States Attorney
   Criminal Appeals Section
5       1000 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2432
7       Facsimile: (213) 894-6269
        E-mail:   ranee.katzenstein@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

```
          FILED
  CLERK, U.S. DISTRICT COURT

    JAN 29 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ____rsm____ DEPUTY
```

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,       No. CR 24-
                                    **2:25-CR-00070-ODW**
13          Plaintiff,
                                    PLEA AGREEMENT FOR DEFENDANT
14          v.                      DANIEL JOSEPH WINTER

15  DANIEL JOSEPH WINTER,
      aka "Winterstone,"

16          Defendant.

17

18       1.   Subject to the approval of the United States Department of

19  Justice, Tax Division, this constitutes the plea agreement between

20  DANIEL JOSEPH WINTER, also known as "Winterstone," ("defendant") and

21  the United States Attorney's Office for the Central District of

22  California (the "USAO") in the investigation of defendant's failure

23  to file tax returns for years 2005 to 2011, inclusive, and

24  subscription to false tax returns from 2012 to 2023, inclusive.  This

25  agreement is limited to the USAO and cannot bind any other federal,

26  state, local, or foreign prosecuting, enforcement, administrative, or

27  regulatory authorities.

28

1                       <u>DEFENDANT'S OBLIGATIONS</u>

2      2.   Defendant agrees to:

3          a.   Give up the right to indictment by a grand jury and,

4 at the earliest opportunity requested by the USAO and provided by the

5 Court, appear and plead guilty to a one-count information in the form

6 attached to this agreement as Exhibit A or a substantially similar

7 form, which charges defendant with subscription to a false tax

8 return, in violation of 26 U.S.C. § 7206(1).

9          b.   Not contest facts agreed to in this agreement.

10          c.   Abide by all agreements regarding sentencing contained

11 in this agreement.

12          d.   Appear for all court appearances, surrender as ordered

13 for service of sentence, obey all conditions of any bond, and obey

14 any other ongoing court order in this matter.

15          e.   Not commit any crime; however, offenses that would be

16 excluded for sentencing purposes under United States Sentencing

17 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

18 within the scope of this agreement.

19          f.   Be truthful at all times with the United States

20 Probation and Pretrial Services Office and the Court.

21          g.   Pay the applicable special assessment at or before the

22 time of sentencing unless defendant has demonstrated a lack of

23 ability to pay such assessments.

24                  <u>DEFENDANT'S TAX OBLIGATIONS</u>

25      3.   Defendant admits that defendant received a total of at

26 least $1,712,636 of unreported income for years 2021 to 2023,

27 inclusive, specifically, $518,050, $343,068, and $851,518 for

28 calendar years 2021, 2022, and 2023, respectively.

4.    Defendant agrees that:

a.    Defendant will sign closing agreements with the Internal Revenue Service prior to sentencing, permitting the Internal Revenue Service to assess and collect the total sum of $641,959 ($184,464; $127,633; and $329,862 for the defendant's tax years 2021, 2022, and 2023, respectively), which comprises the tax liabilities, as well as assess and collect civil fraud penalties for 2021, 2022, and 2023, and statutory interest, on the tax liabilities, as provided by law.

b.    Defendant will not, after signing the closing agreements, file any claim for refund of taxes, penalties, or interest for amounts attributable to the closing agreements filed in connection with this plea agreement.  This paragraph does not limit defendant's ability to claim refunds that arise solely due to a change in law.

c.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for years 2021 to 2023, inclusive.

d.    Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

e.    With respect to years 2012 through 2020, inclusive, defendant will cooperate with the Internal Revenue Service in the determination of defendant's tax liability; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding those years; and will promptly pay

1   to Internal Revenue Service all additional taxes and all penalties

2   and interest determined to be owing.

3                          THE USAO'S OBLIGATIONS

4       5.   The USAO agrees to:

5            a.   Not contest facts agreed to in this agreement.

6            b.   Abide by all agreements regarding sentencing contained

7   in this agreement.

8            c.   At the time of sentencing, provided that defendant

9   demonstrates an acceptance of responsibility for the offense up to

10  and including the time of sentencing, recommend a two-level reduction

11  in the applicable Sentencing Guidelines offense level, pursuant to

12  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

13  additional one-level reduction if available under that section.

14           d.   Not further criminally prosecute defendant for

15  violations of 26 U.S.C. §§ 7201, 7203 and 7206(1) arising out of

16  defendant's conduct described in the agreed-to factual basis set

17  forth in paragraph 24 below.  Defendant understands that the USAO is

18  free to criminally prosecute defendant for any other unlawful past

19  conduct or any unlawful conduct that occurs after the date of this

20  agreement.  Defendant agrees that at the time of sentencing the Court

21  may consider the uncharged conduct in determining the applicable

22  Sentencing Guidelines range, the propriety and extent of any

23  departure from that range, and the sentence to be imposed after

24  consideration of the Sentencing Guidelines and all other relevant

25  factors under 18 U.S.C. § 3553(a).

26           e.   Recommend that defendant be sentenced to a term of

27  imprisonment no higher than the low end of the applicable Sentencing

28  Guidelines range, provided that the offense level used by the Court

                                   4

1  to determine that range is 15 or higher.  For purposes of this

2  agreement, the low end of the Sentencing Guidelines range is that

3  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

4                        <u>NATURE OF THE OFFENSE</u>

5      6.   Defendant understands that for defendant to be guilty of

6  the crime charged in the sole count of the information, that is,

7  subscription to a false tax return, in violation of Title 26, United

8  States Code, Section 7206(1), the following must be true:

9          a.   Defendant signed and filed a tax return for the year

10  2023 that he knew contained false information as to a material

11  matter;

12          b.   The return contained a written declaration that it was

13  being signed subject to the penalties of perjury; and

14          c.   In filing the false tax return, the defendant acted

15  willfully.

16      For purposes of Title 26, United States Code, Section 7206(1), a

17  matter is material if it had a natural tendency to influence or was

18  capable of influencing, the decisions or activities of the Internal

19  Revenue Service.

20      To prove that the defendant acted "willfully," the government

21  must prove beyond a reasonable doubt that the defendant knew federal

22  tax law imposed a duty on him, and the defendant intentionally and

23  voluntarily violated the duty.

24                     <u>PENALTIES AND RESTITUTION</u>

25      7.   Defendant understands that the statutory maximum sentence

26  that the Court can impose for a violation of Title 26, United States

27  Code, Section 7206(1), is: 3 years imprisonment; a one-year period of

28  supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.  Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

9.  Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $641,959, pursuant to 18 U.S.C. § 3663(a)(3).

10.  Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

11.  The total amount of restitution consists of the following:

| Tax Year | Amount to Be Credited to Tax |
|----------|------------------------------|
| 2021 | $184,464 |
| 2022 | $127,633 |
| 2023 | $329,862 |
| Total | $641,959 |

12.  Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

13.  Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a

6

schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

14.   Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

15.   Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

16.   If full payment cannot be made immediately, defendant agrees to make a complete and curate financial disclosure to the IRS

on forms prescribed by the IRS (including, but not limited to, IRS Forms 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to prove the above-described information to the probation office.

17. If defendant makes a payment of the restitution agreed to in paragraph 9 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 8.

18. Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address: Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

19. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

      a.   Defendant's name and Social Security number;

      b.   The District Court and the docket number assigned to this case;

      c.   Tax year(s) or period(s) for which restitution has been ordered; and

      d.   A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS - RACS

Attn: Mail Stop 6261, Restitution

333 W. Pershing Ave.

8

1    Kansas City, MO 64108

2    20.   Defendant also agrees to send a notice of any payments made

3    pursuant to this agreement including the information listed in the

4    previous paragraph to the IRS at the address set forth in the prior

5    paragraph.

6    21.   Defendant understands that supervised release is a period

7    of time following imprisonment during which defendant will be subject

8    to various restrictions and requirements.   Defendant understands that

9    if defendant violates one or more of the conditions of any supervised

10   release imposed, defendant may be returned to prison for all or part

11   of the term of supervised release authorized by statute for the

12   offense that resulted in the term of supervised release, which could

13   result in defendant serving a total term of imprisonment greater than

14   the statutory maximum stated above.

15   22.   Defendant understands that, by pleading guilty, defendant

16   may be giving up valuable government benefits and valuable civic

17   rights, such as the right to vote, the right to possess a firearm,

18   the right to hold office, and the right to serve on a jury. Defendant

19   understands that he is pleading guilty to a felony and that it is a

20   federal crime for a convicted felon to possess a firearm or

21   ammunition.   Defendant understands that the conviction in this case

22   may also subject defendant to various other collateral consequences,

23   including but not limited to revocation of probation, parole, or

24   supervised release in another case and suspension or revocation of a

25   professional license.   Defendant understands that unanticipated

26   collateral consequences will not serve as grounds to withdraw

27   defendant's guilty plea.

28

23.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen: the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States; defendant could also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant could raise in immigration proceedings to avoid or delay removal, if defendant is not a United States citizen, removal is presumptively mandatory and would be a virtual certainty in this case.  Defendant further understands that removal and immigration consequences would be the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

24.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 26 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to the charge in the information, defendant was a prominent tattoo artist operating in the Los Angeles area, New York, and Vancouver, Canada, with a thriving tattoo business.  His tattoos were expensive, and he earned a substantial income from his work as a tattoo artist and related endeavors.  But defendant declared no wages, salaries, or, if received, tips, and little other income, on the U.S. Individual Income Tax Returns (Forms 1040) for the years 2021 through 2023, inclusive, that he signed and filed with the IRS.

Specifically, for 2021, defendant reported taxable income of -$3,442, whereas, in fact, his taxable income was $501,710, resulting in tax due and owing of at least $184,464.  For 2022, defendant reported taxable income of $1,105, whereas, in fact, his taxable income was $347,159, resulting in tax due and owing of at least $127,633.  For 2023, defendant reported, on or about April 12, 2024, total income of $34,879 and taxable income of $14,852, whereas, in fact, his total income was substantially higher and his taxable income was $850,447, resulting in tax due and owing of at least $329,862.

Defendant signed, subject to the penalties of perjury, an IRS Form 8879, IRS e-file Signature Authorization, for each of the Forms 1040 containing this information that defendant knew to be false.  On each of the Forms 8879 defendant falsely declared that he had examined a copy of the income tax return being authorized, and that, to the best of his knowledge and belief, the return was true, correct and complete.

Defendant timely filed his 2022 and 2023 Forms 1040.  Prior to filing those returns, defendant's last timely filed return

11

1    was his 2004 Form 1040, which was filed on or about April 15,

2    2005.  He filed no other Forms 1040 until November and December

3    2022, when the IRS received his Forms 1040 for 2012 through

4    2021, inclusive.  Defendant has never filed returns or reported

5    any income for any of the years between 2005 and 2011,

6    inclusive.

7         Defendant's failure to report his income was willful.

8    First, he accepted payment for his tattoo services almost

9    exclusively in cash.  Second, despite being knowledgeable about

10    tax matters, including matters more complex than the simple

11    requirement of truthfully reporting income, defendant falsely

12    reported the amount of income he had received from his tattoo

13    business. Third, in 2022, when defendant filed his then-

14    delinquent return for 2021, he did so using false income numbers

15    in order to address his delinquency without having to pay any

16    substantial taxes or penalties.

17                       SENTENCING FACTORS

18    25.  Defendant understands that in determining defendant's

19    sentence the Court is required to calculate the applicable Sentencing

20    Guidelines range and to consider that range, possible departures

21    under the Sentencing Guidelines, and the other sentencing factors set

22    forth in 18 U.S.C. § 3553(a).  Defendant understands that the

23    Sentencing Guidelines are advisory only, that defendant cannot have

24    any expectation of receiving a sentence within the calculated

25    Sentencing Guidelines range, and that after considering the

26    Sentencing Guidelines and the other § 3553(a) factors, the Court will

27    be free to exercise its discretion to impose any sentence it finds

28

1  appropriate up to the maximum set by statute for the crime of

2  conviction.

3      26.  Defendant and the USAO agree to the following applicable

4  Sentencing Guidelines factors:

5      Base Offense Level:          20    [USSG §§ 2T1.1, 2T4.1(H)]

6

7  Defendant and the USAO reserve the right to argue that additional

8  specific offense characteristics, adjustments, and departures under

9  the Sentencing Guidelines are appropriate.

10     27.  Defendant understands that there is no agreement as to

11  defendant's criminal history or criminal history category.

12     28.  Defendant and the USAO reserve the right to argue for a

13  sentence outside the sentencing range established by the Sentencing

14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

15  (a)(2), (a)(3), (a)(6), and (a)(7).

16                    WAIVER OF CONSTITUTIONAL RIGHTS

17     29.  Defendant understands that by pleading guilty, defendant

18  gives up the following rights:

19          a.   The right to persist in a plea of not guilty.

20          b.   The right to a speedy and public trial by jury.

21          c.   The right to be represented by counsel -- and if

22  necessary, have the Court appoint counsel -- at trial.  Defendant

23  understands, however, that, defendant retains the right to be

24  represented by counsel -- and if necessary, have the Court appoint

25  counsel -- at every other stage of the proceeding.

26          d.   The right to be presumed innocent and to have the

27  burden of proof placed on the government to prove defendant guilty

28  beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

30.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

31.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the

14

1  Court; (c) the fine imposed by the Court, provided it is within the

2  statutory maximum; (d) to the extent permitted by law, the

3  constitutionality or legality of defendant's sentence, provided it is

4  within the statutory maximum; (e) the amount and terms of any

5  restitution order, provided it requires payment of no more than

6  $641,959; (f) the term of probation or supervised release imposed by

7  the Court, provided it is within the statutory maximum; and (g) any

8  of the following conditions of probation or supervised release

9  imposed by the Court: the conditions set forth in Second Amended

10  General Order 20-04 of this Court; the drug testing conditions

11  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

12  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

13      32.  The USAO agrees that, provided (a) all portions of the

14  sentence are at or below the statutory maximum specified above and

15  (b)  the Court imposes a term of imprisonment within or above the

16  range corresponding to an offense level of 15 and the criminal

17  history category calculated by the Court, the USAO gives up its right

18  to appeal any portion of the sentence, with the exception that the

19  USAO reserves the right to appeal the amount of restitution ordered

20  if that amount is less than $641,959.

21                  RESULT OF WITHDRAWAL OF GUILTY PLEA

22      33.  Defendant agrees that if, after entering a guilty plea

23  pursuant to this agreement, defendant seeks to withdraw and succeeds

24  in withdrawing defendant's guilty plea on any basis other than a

25  claim and finding that entry into this plea agreement was

26  involuntary, then (a) the USAO will be relieved of all of its

27  obligations under this agreement; and (b) should the USAO choose to

28  pursue any charge that was either dismissed or not filed as a result

15

1  of this agreement, then (i) any applicable statute of limitations

2  will be tolled between the date of defendant's signing of this

3  agreement and the filing commencing any such action; and

4  (ii) defendant waives and gives up all defenses based on the statute

5  of limitations, any claim of pre-indictment delay, or any speedy

6  trial claim with respect to any such action, except to the extent

7  that such defenses existed as of the date of defendant's signing this

8  agreement.

9                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

10      34.  Defendant agrees that if the count of conviction is

11  vacated, reversed, or set aside, both the USAO and defendant will be

12  released from all their obligations under this agreement.

13                  EFFECTIVE DATE OF AGREEMENT

14      35.  This agreement is effective upon signature and execution of

15  all required certifications by defendant, defendant's counsel, and an

16  Assistant United States Attorney.

17                  BREACH OF AGREEMENT

18      36.  Defendant agrees that if defendant, at any time after the

19  effective date of this agreement, knowingly violates or fails to

20  perform any of defendant's obligations under this agreement ("a

21  breach"), the USAO may declare this agreement breached.  All of

22  defendant's obligations are material, a single breach of this

23  agreement is sufficient for the USAO to declare a breach, and

24  defendant shall not be deemed to have cured a breach without the

25  express agreement of the USAO in writing.  If the USAO declares this

26  agreement breached, and the Court finds such a breach to have

27  occurred, then: (a) if defendant has previously entered a guilty plea

28  pursuant to this agreement, defendant will not be able to withdraw

16

the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

37. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

17

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

38.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

39.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 26 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

40.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

1    fulfill all defendant's obligations under this agreement.  Defendant

2    understands that no one –– not the prosecutor, defendant's attorney,

3    or the Court –– can make a binding prediction or promise regarding

4    the sentence defendant will receive, except that it will be within

5    the statutory maximum.

6                          <u>NO ADDITIONAL AGREEMENTS</u>

7         41.  Defendant understands that, except as set forth herein,

8    there are no promises, understandings, or agreements between the USAO

9    and defendant or defendant's attorney, and that no additional

10   promise, understanding, or agreement may be entered into unless in a

11   writing signed by all parties or on the record in court.

12   ///

13   ///

14   ///

1              <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2          42.  The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
8    CALIFORNIA

9    E. MARTIN ESTRADA
     United States Attorney

10

11    /s/                                          1/29/2025

12   RANEE A. KATZENSTEIN                          Date
     Assistant United States Attorney

13                                                 1·17·25

14   DANIEL JOSEPH WINTER                          Date
     Defendant

15

16   HOCHMAN SALKIN TOSCHER PEREZ P.C.

17                                                 1/17/2025

18   STEVEN TOSCHER                                Date
     EVAN J. DAVIS
     Attorneys for Defendant
19   DANIEL JOSEPH WINTER

20

21

22

23

24

25

26

27

28

                              20

1                    CERTIFICATION OF DEFENDANT

2         I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charge and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19

20   DANIEL JOSEPH WINTER                           Date
     Defendant

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am DANIEL JOSEPH WINTER's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.


HOCHMAN SALKIN TOSCHER PEREZ P.C.


_____          1/17/2025
STEVEN TOSCHER                            _____
EVAN J. DAVIS                             Date
Attorneys for Defendant
DANIEL JOSEPH WINTER

# EXHIBIT A

1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,        | CR No. 25-

11 |          Plaintiff,              | I N F O R M A T I O N

12 |          v.                      | [26 U.S.C. § 7206(1): Subscription
   |                                  | to a False Federal Tax Return]
13 | DANIEL JOSEPH WINTER,
   |   aka "Winterstone,"

14 |
   |          Defendant.

15 |

16

17      The United States Attorney charges:

18                    [26 U.S.C. § 7206(1)]

19      On or about April 15, 2024, in Los Angeles County, within the

20 Central District of California, and elsewhere, defendant DANIEL

   JOSEPH WINTER, also known as "Winterstone," a resident of Los
21
   Angeles, California, willfully made and subscribed to a materially
22
   false United States Individual Income Tax Return, Form 1040, for tax
23
   year 2023, which was verified by a written declaration that it was
24
   made under the penalties of perjury, and which was filed with the
25
   Internal Revenue Service, which return defendant WINTER did not
26
   believe to be true as to every material matter, in that, on such Form
27
   1040, defendant WINTER reported, on line 8, as reported on line 3 of
28
   Schedule 1 and line 31 of Schedule C, that his total income was

1  $34,879, when, as defendant WINTER then well knew and believed, his

2  business income for that year was substantially higher than the

3  amount he reported.

4

5                                        E. MARTIN ESTRADA
                                        United States Attorney
6

7

8                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
9                                        Chief, Criminal Division

10                                       DAVID R. FRIEDMAN
                                        Assistant United States Attorney
11                                       Chief, Criminal Appeals Section

12                                       RANEE A. KATZENSTEIN
                                        Assistant United States Attorney
13                                       Criminal Appeals Section

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2